**SO ORDERED.**

**DONE and SIGNED October 16, 2014.**



                                                              JEFFREY P. NORMAN
                                                              UNITED STATES BANKRUPTCY JUDGE

_____

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

IN RE: ROBERTA MCCANN                                    CASE NUMBER: 10BK-10929

### MEMORANDUM ORDER REGARDING NONSTANDARD
### OR SPECIAL PLAN PROVISIONS

     On October 14, 2014, the Court heard the Immaterial Modification to Plan after Confirmation at Docket #56. The Debtor had filed and thereby proposed a Chapter 13 plan modification to surrender a house and lot at 9471 Bloom Street, Shreveport, Louisiana to the creditor holding a security interest in the same. Based on the debtor's schedules the debtor has no equity in the subject real estate and her liability is as a co-debtor for her daughter. The Court at the direction of the Standing Chapter 13 Trustee reviewed the modified plan because it contains the following nonstandard or special plan provision:

> "Debtor surrenders and abandons all interest in and to the subject property, which surrender and abandonment shall be in full satisfaction of all claims and indebtedness to the creditor."

The proposed nonstandard or special plan provision therefore limits a deficiency claim being filed by the secured creditor after the property is surrendered. The modification has been recommended for approval by the Chapter 13 Trustee subject to the Court's review of the nonstandard or special plan provision.

     The Shreveport Division's form Chapter 13 Plan already limits deficiency claims because Section III. General Plan Provisions: (C) (5) (b) of the form plan states:

> "(b) Debtor files a modified plan that proposes to "surrender" pursuant to 11 U.S.C. §1325(a)(5)(C) such property to a creditor that has a security interest in same. The creditor may be entitled to continue receiving disbursements on previously provided for unsecured claims, unless a modification proposing to surrender the collateral is filed that would full satisfy all of such creditor's claims. If a modification proposing to surrender the collateral is filed and ultimately confirmed that allows for a deficiency claim for the creditor, provided the property is liquidated in a manner which would otherwise allow the creditor to pursue against the debtor a deficiency claim absent a bankruptcy, an itemized proof of claim for any deficiency must be filed within one hundred twenty (120) days after the confirmation of the plan that proposed such "surrender" for the creditor to be allowed to participate in disbursements from the Trustee tor [sic] debtor. See Section III (A)(5)."

This general plan provision of the Shreveport mandatory form plan is not a model of clarity. Paragraph (b) above seems to suggest that a modified plan may propose "to surrender the collateral … that would full satisfy all of such creditor's claims." It also suggests that the debtor may "allow for a deficiency claim for the creditor" and then "an itemized proof of claim for any deficiency must be filed within one hundred twenty (120) days after the confirmation of the plan that proposed such 'surrender.' " The general plan provision appears to provide that the plan can allow for a deficiency claim, subject to time limitations for filing a claim or disallow a deficiency claim "that would full satisfy all of such creditor's claims." Full satisfaction of a claim by collateral surrender, however, runs contra to the general rule.

The general rule is that surrender of all of the collateral securing a claim fully resolves the allowed secured claim of the lienholder but does not eliminate the unsecured deficiency when the collateral is worth less than the underlying debt. *In re Finley,* 408 B.R. 111 (Bankr. E.D. Mich. July 21, 2009), *In re Hughes,* 402 B.R. 404 (Bankr. M.D. Fla. July 24, 2008) *See also In re King,* No. 08-00077, 2008 WL 2856688, at *1 (Bankr. D.D.C. July 20, 2008)

If a debtor chooses to surrender property then 11 USC § 1325(a)(5)(c) provides no guidance as to how to determine the value of the secured interest in the surrendered property and 11 USC § 506(a)(1) requires bifurcation. A secured creditor is entitled to an allowed general unsecured claim for any deficiency balance pursuant to 11 USC §506(a)(1). *In re Hughes*, 402 B.R. 404 (Bankr. M.D. Fla. 2008); *In re Brooks*, 407 B.R. 429, 2009 Bankr. LEXIS 1214, 2009 WL 1490486 (Bankr. M.D. Fla. 2009).

The Court has a genuine concern that the special provision proposed by the debtor usurps 11 USC § 506(a)(1) but is aware that if a plan is clearly worded, properly noticed, and there is no objection, that confirmation can bind an undersecured creditor to accept surrender in full satisfaction of its debt. *In re Martin,* 427 B.R. 573 (Bankr. W.D. Va. 2010), *In re McGill,* No. 07-13086 SR, 2009 WL 2912503 (Bankr. E.D. Pa. 2009), *In re Carter,* 390 B.R. 648 (Bankr. W.D. Mo. 2008), *In re Kitts,* No. 06 31215, 2006 WL 3337515 (Bankr. E.D. Tenn. 2006). This appears to be the general intent of the mandatory form plan via its standard general provisions. The current form Chapter 13 Plan limits any deficiency claims by requiring that "any deficiency must be filed within one hundred twenty (120) days after the confirmation of the plan that proposed such "surrender" for the creditor to be allowed to participate in disbursements from the Trustee tor [sic] debtor."

The Court, therefore, finds that the non-standard or special provision proposed by the debtor in the Chapter 13 Plan disallowing deficiency proof of claims is superfluous to the general provisions of the mandatory form plan. In addition, the court finds the non-standard or special provision proposed by the debtor in the modified Chapter 13 Plan is a violation of 11 USC § 506(a)(1) and the general rule that surrender of all of the collateral securing a claim fully resolves the allowed secured claim of the lienholder but does not eliminate the unsecured deficiency when the collateral is worth less than the underlying debt. Therefore, this non-standard or special provision proposed by the debtor in the Chapter 13 Plan modification should not be allowed in the debtor's proposed modified Chapter 13 Plan or any future Chapter 13 Plan filed in the Shreveport division.

It is also an essential element is that a plan must be clearly worked and properly noticed to bind an unsecured creditor. The proposed modified Chapter 13 plan (docket #56) containing the nonstandard or special plan provision fails in this regard. The proposed language is buried on the third page of a thirteen page document in bold but lower case lettering. It is difficult to find and fails to stand out among other bold and often capitalized plan terms.

In addition, the special provision fails the requirements of the December 28, 2012, Standing Order Revising Uniform Plans of Repayment and Post-Confirmation Plans for Chapter 13 Cases Filed in the Shreveport and Monroe Divisions of the Western District of Louisiana. That order provides that (plan) uniformity is the desired goal and that substantive changes to the form plan will not be allowed. It further provides that special provisions must be specifically noticed in both the cover sheet and the plan. The proposed modified Chapter 13 Plan fails to conform to the standing order.

Still further, if needed, the certificate of service at (docket #57) indicates it was only served on the Chapter 13 Trustee, the United States Trustee and the debtor. As such the nonstandard or special plan provisions cannot be binding on any adversely affected party and finding otherwise would violate due process.

Given the ruling in *United Student Aid Funds, Inc. v. Espinoza*, 559 U. S. 260 (2010), the Court has an independent duty to review all Chapter 13 plans. "[W]hether or not an objection is presently lodged in this case, the Court retains the authority to review this plan and deny confirmation if it fails to comply with the confirmation standards of the Code". [See *Espinoza*, footnote 15].

**IT IS HEREBY ORDERED** that Debtor's Immaterial Modification to Plan after Confirmation [Docket # 56] filed on September 17, 2014, as recommended for confirmation by the Chapter 13 Trustee may be approved subject to the striking of the nonstandard or special plan provisions contained therein. The Chapter 13 Trustee may upload an order granting the modification in conformity with this memorandum order.

###